## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SYDNEY LALOR, | CASE NO.  LACL157615 |
| Plaintiff, | |
| v. | **ORIGINAL NOTICE** |
| HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., BRAD JOHNSON, KYLE MIRIANI, DILLON DOUGLAS, and NEAL UPADHYAY, | |
| Defendants. | |

**TO THE ABOVE-NAMED DEFENDANTS:**

You are notified that a Petition has been filed electronically in the office of the clerk of this court naming you as the defendants in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorneys for the Plaintiff are Roxanne Conlin and Tyler Adams of Roxanne Conlin & Associates, P.C., 3721 SW 61st Street, Suite C, Des Moines, IA 50321-2418. That attorneys' phone number is 515-283-1111; facsimile number 515-282-0477.

Polk County is an e-filing county. Please refer to Chapter 16 of the Iowa Rules of Court and specifically Division VI of Chapter 16 regarding the protection of personal and confidential information.  You must serve a motion or answer within 20 days after the service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, at the county courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 515-286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

(SEAL)

_____
POLK COUNTY CLERK OF COURT
Polk County Courthouse
500 Mulberry St.
Des Moines, IA 50309

**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.**

E-FILED  2024 JAN 08 9:25 AM POLK - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*   **LACL157615**

*County*   **Polk**

*Case Title*   LALOR VS HOTEL FORT DES MOINES HILTON WORLDWIDE A

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **01/08/2024 09:25:20 AM**



*District Clerk of Court or/by Clerk's Designee of* Polk          *County*

**/s/ Valeri Mueller**

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SYDNEY LALOR, | CASE No. LACL157615 |
| Plaintiff, | **PETITION AND JURY DEMAND** |
| v. | |
| HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., BRAD JOHNSON, KYLE MIRIANI, DILLON DOUGLAS, and NEAL UPADHYAY, | |
| Defendants. | |

COMES NOW, Plaintiff Sydney Lalor, by and through counsel, and hereby brings her causes of action against Defendants Hotel Fort Des Moines, Hilton Worldwide and Curio Collection by Hilton, First Hospitality L.L.C, First Hospitality Group, Inc., Brad Johnson, Kyle Miriani, Dillion Douglas, and Neil Upadhyay and states to the Court as follows:

### INTRODUCTION

1.      This is an action under and pursuant to the Iowa Civil Rights Act ("ICRA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and common law.

2.      Under ICRA, Title VII, and common law Plaintiff is protected from discriminatory practices as well as retaliation for opposing discriminatory conduct and physical assault and battery.

### PROCEDURAL REQUIREMENTS

3.      Plaintiff filed her sex discrimination complaint, and complaint of retaliation, with the Iowa Civil Rights Commission on December 19, 2022, within the 300-day limitations period

E-FILED  2024 JAN 05 11:00 AM POLK - CLERK OF DISTRICT COURT

from the last discriminatory act alleged.

4.      On October 18, 2023, less than ninety days prior to the filing of this Complaint, the Iowa Civil Rights Commission issued a Right to Sue Letter.

5.      On January 5, 2024, Plaintiff, through Counsel, submitted a request to the U.S. Equal Opportunity Commission for a Right to Sue Letter.

## JURISDICTION AND VENUE

6.       The unlawful actions alleged herein were committed in Polk County, Iowa.

7.       Venue is properly laid in this judicial district pursuant to Iowa Code § 616.17 and  616.18, in that one or more Defendants reside in Polk County, Iowa.

8.       The amount in controversy exceeds $6,500.00, thus jurisdiction is proper pursuant  to Iowa Code § 602.6101.

## PARTIES

9.      Plaintiff Sydney Lalor is female, 23-years-old, and all times material hereto, was a citizen and resident of Polk County, Iowa.

10.      Hilton Worldwide and Curio Collection by Hilton is a corporation organized and existing under the laws of the State of Delaware with its headquarters at 7930 Jones Branch Dr, McLean, VA  22102 doing business in Iowa as the Hotel Fort Des Moines, in Polk County, Iowa.

11.      On information and belief at all times material hereto, Defendant Hotel Fort Des Moines was a corporation organized and existing under the laws of the State of Iowa, with its principal place of business at 1000 Walnut Street, Des Moines, Polk County, Iowa.

12.      At all times material hereto, Defendant First Hospitality L.L.C. was a property management company with its headquarters and principal place of business in Rosemont,

Illinois, doing business in Iowa as the management company for the Hotel Fort Des Moines in Des Moines, Polk County, Iowa.

13.     At all times material hereto, Defendant First Hospitality Group, Inc. was a property management company with its headquarters and principal place of business in Chicago, Illinois doing business in Iowa as the management company for the Hotel Fort Des Moines in Des Moines, Polk County, Iowa

14.     At all times material hereto, Defendant Dillon Douglas was Director of Revenue Management and Director of the Front Office at the Hotel Fort Des Moines.  On information and belief, he is a citizen and resident of Polk County, Iowa.

15.     At all times material hereto, Defendant Brad Johnson was the Director of Engineering of the Hotel Ft. Des Moines.  On information and belief, he is a citizen and resident of Polk County, Iowa.

16.     At all times material hereto, Defendant Kyle Miriani was Director of Human Resources at the Hotel Ft. Des Moines.  On information and belief, he is a citizen and resident of Polk County, Iowa.

17.     At all times material hereto, Defendant Neil Upadhyay was Director of Operations for the Hotel Fort Des Moines and Plaintiff's direct supervisor.  On information and belief, he was a citizen and resident of Polk County, Iowa.

18.     Under the doctrine of *respondeat superior*, Corporate Defendants and each of them are legally liable for any damages caused to Plaintiff by the conduct of Defendants Douglas, Johnson, Miriani, and Upadhyay, or in the alternative, under the principles of ostensible agency, Corporate Defendants are legally liable for any damages caused to Plaintiff by the conduct of Defendants Douglas, Johnson, Miriani, and Upadhyay.

3

E-FILED  2024 JAN 05 11:00 AM POLK - CLERK OF DISTRICT COURT

## FACTUAL BACKGROUND

19.     Defendant First Hospitality is a hotel management and development company that provides services to Hotel Fort Des Moines and other hotels around the Des Moines metro area.

20.     Plaintiff Lalor is a white, 22-year old female.  She started employment with First Hospitality in March, 2022 initially in the security department and then later in the engineering department at Hotel Fort Des Moines.

21.     Once she was moved to engineering, her direct supervisor was Brad Johnson, the Director of Engineering.  About a week after moving in the engineering department, Brad began to make sexual comments towards her and physically graze his body against her.

22.     Brad would consistently find any excuse to touch her back, stomach, thigh, shoulders, and butt. He consistently talked about how much he hated his wife and how many affairs he has had with other women.

23.     Brad would ask her to go on dates. He would ask her to go out for drinks and try to take her out and teach her to play pool.

24.     Brad would frequently try to make something she said or something he said into a sexual comment. For example, if they were talking about nails, he would make a comment about getting "nailed" or if we were looking for a certain piece of wood, he would make jokes about erections.

25.     He made sexual jokes toward her on a daily basis throughout her time with First Hospitality. He said multiple times that she was his "dream girl" and if he was 20 years younger, he would try to date her. He told her that she was every man's "wet dream". He told her multiple times a day how cute she was or how "nice" she looks in certain positions, such as if she was bending over.

E-FILED  2024 JAN 05 11:00 AM POLK - CLERK OF DISTRICT COURT

26.      Brad would hug her tightly. He touched her breasts several times. Brad made jokes and gestures about measuring certain things such as her breasts or the size of his penis.

27.      He would touch her knees or thighs, touch her shoulders and move her by my shoulders, rub her shoulders, touch her hips, touch her stomach, and touch and rub her back.

28.      When she purposefully ignored Brad's sexual innuendos or jokes and did not laugh, he told her he would "fix my innocence" and joke that he is HR's worst nightmare.

29.      In May of 2022, she made a detailed report of the sexual harassment as follows:

**May 2022 Report**
**From: Sydney Lalor**
**To: Kyle Miriani, Director of Human Resources**
**Re: Brad Johnson's sexual harassment**

From the very first day I switched over to engineering Brad has been inappropriately touching me and making crass comments towards me. It started off slowly with a touch on the shoulder or rub on the back and quickly turned into a more habitual thing throughout the day. Brad would consistently find any excuse to touch my back, stomach, thigh, shoulders and butt. Brad consistently talks about how much he hates his wife or how many affairs he has had with other women without his wife's knowledge. Brad would ask me out on dates occasionally, he would ask me to go out for drinks with him or he would be persistent about trying to take me out and teach me how to play pool (billiards). Brad would take any opportunity he could to make something I said or something he said into a sexual manner. He would make sexual jokes toward me through the days. He has told me multiple times that I am his "dream girl" and if he was 20 years younger he would try to date me. He has told me that I am every man's "wet dream". Brad tells me multiple times a day how cute I am or how "nice" I look in certain positions (if I am bending down or when I get excited about figuring out a piece of machinery). Brad takes any opportunity he gets to hug me (tightly). He has "accidentally" touched my breasts a few times. Brad has made jokes and gestures about measuring certain things such as my breasts or the size of his penis. Below is a rough estimate of dates and times of each occurrence that has happened:

Occurrences that happen daily:
- Telling me I am cute
- Touching my knees or thighs if we are sitting down
- Touching my shoulders and moving me by my shoulders or just rubbing my shoulders
- Touching my hips to move me out of the way or just finding an excuse to touch my hips
- Touching or tapping my stomach if I am bent over or leaning or standing
- Touching and rubbing my back
- He will take any sentence I say or something he himself says and tries to make it into a sexual joke
- Tells me he will "fix my innocence"

E-FILED  2024 JAN 05 11:00 AM POLK - CLERK OF DISTRICT COURT

- Talks about how much he hates his wife and wants to divorce her
- Makes jokes about how he is "HR worst nightmare"
- Hugging me

Events that I can recall on a certain day:
- <u>Thursday 03/31 after lunch time.</u> Brad and I were in his office and he asked me out to drinks and play pool (billiards)
- <u>Monday 04/18 at 22:15</u> Brad swung by work late to see me and see his office that I had just cleaned and organized. We went downstairs in his office, he complimented me on how "nice I look in security clothes". He then goes and hugs me and I feel Brad has a boner and he hugs me tight and rubs my back for about 3-4 seconds.
- <u>Wednesday 04/20:</u>
- after 12:00 Brad and I were walking up the basement stairs to the kitchen and he grabs the gloves out of my back pocket and smacks my butt with them.
- At 14:25 Brad and I were in the PBX room talking about the HVAC system and he puts his arm on my thigh (I took a picture of it)
- <u>Thursday 04/21:</u>
- at 12:40. Brad and I were in the laundry room and he made a crass comment "what you don't want my ass in your face?"
- At 12:50 Brad and I were in the shop and I bent over to put something away and he asks me to "shake that thing" referring to my butt
- At 12:55 Brad tickled me in the shop (it might be on camera) then after I walk past him you can hear him ask "you're not that ticklish are you"
- At 13:20 we were in the basement and Brad touches me by the waist to move me out of the way twice.
- At 13:31 Brad and I walk into the main electrical room and I point out there is wood, big wood. And Brad mumbles something sexual and he said he "went right dirty" (I caught this on voice recording 04:20 time stamp in the recording)
- 14:10 Brad touch my stomach (tapped it) in the kitchen
- 14:30 Brad Grabs me by the waist in the hallway as we are walking towards the shop and then a few minutes later Brad says "oh I might've gotten grease on your waist/shirt" (you can hear this on the cameras)
- 17:45 Brad touches my stomach in the PBX room (that one was definitely caught kn camera)
- **Thursday 04/21 at 12:40**. Brad and I were in the laundry room and he made a crass comment, "what, you don't want my ass in your face?" At 12:50, Brad and I were in the shop, and I bent over to put something away, and he asked me to "shake that thing", referring to my butt. At 12:55, Brad tickled me in the shop, and then after I walked past him, asked, "you're not that ticklish are you?" At 13:20, we were in the basement and Brad touched me by the waist to move me out of the way twice. At 13:31, Brad and I walked into the main electrical room and I pointed out there is wood and Brad made an erection joke. At 14:10, Brad touched my stomach in the kitchen. Brad grabbed me by the waist in the hallway as we are walking towards the shop and then a few minutes later, Brad said "oh, I might've gotten grease on your waist/shirt." At 17:45, Brad touched my stomach in the PBX room.

30.     He told her that she was "every man's dream girl," that he would date her if he was younger, and calling her *his* "rock star." He also gave her better job duties while her other colleagues had been on the job longer. He called her up to talk casually and gossip about her colleagues. He would text at inappropriate hours and days and try to flirt with her.

31.     In May 2022, two other female co-workers (Megan Christensen and Kendra (last name unknown) also reported Brad's conduct to Kyle Miriani, Director of Human Resources at Hotel Fort Des Moines.

32.     Kyle conducted a short investigation (1 to 2 days) and put Brad on a very short leave of absence from work. He told her he wanted both Brad and her to continue working together, and that they needed to "find a compromise". Kyle asked if she could try to work with him again with the promise of Brad being on thin ice and if "anything were to happen again he would be fired. No questions asked".

33.     Kyle excused Brad's behavior, saying it was simply Brad's personality and age. Brad agreed to stop his inappropriate behavior or agree to be fired. While Brad's behavior did seemed to stop towards Megan and Kendra, he did not stop harassing her.

34.     He continued to harass her when no one else was around. He continued to physically brush up against her and joked about it, telling her not to report him again. He also thought the reports against him were funny. He thanked her for making the report because on his leave of absence he won money gambling.

35.     In July 2022, Plaintiff made a second report against Brad to Kyle. It read as follows:

*Everything started happening beginning of May. Started off with jokes about his suspension and how he took the time to go to the casino and "won big" it was a "great, relaxing time". Things started escalating when brad saw me laughing along with the jokes he was making about the situation. He pushed the limits further starting to touch me*

7

*again, just quick brushes against my arm or shoulder. He would apologize and jokingly ask me not to report him again. I would just laugh everything off and go right back to work. Brad would then start to touch my knee or shoulder or back longer throughout the days. He was being cautious and apologizing each time until he started touching my stomach and calling me cute again. He was doing exactly what he was doing beforehand except now he made sure no one was around and he would only do things when we are alone and nowhere near cameras. He would ask me personal questions occasionally "if I was dating anyone" and if I wasn't then he would ask "why not I am any guys dream girl". Brad would ask me to clean the chiller up on the roof and when I would do that he watched and commented about how flexible I am to squeeze in the tight places. Everything happens either in guest rooms when we are working or inside his office/shop along with the machine room (penthouse).*

*Brad would always tell me personal things about my coworkers. He would tell me about Eric's situation with his family and his law issue. He would come to me laughing each time Eric would come to him asking for a raise and was turned down. Brad would complain to me about the work Eric was doing and how bad it was, so bad "that a third grader would be able to do better work". Brad would tell me the internal issues with him and Julie, how much she was crossing boundaries with other departments. He would complain to me about her attitude towards him and how she would "go above his head to Neil or Brian". Brad would tell me how he wants to fire Julie because she does not bring anything to the team and she is just a "pain in my ass". Brad would adjust the schedule for me and my wants/needs throughout the week but wouldn't do the same to anyone else because he "actually wants me around unlike eric and Julie". Brad would tell me how he hopped that by ignoring eric's requests and not promoting him that Eric would quit. Brad refused to teach Eric and Julie anything that I was taught. Brad's reasoning was because we "got along and I am smart enough and have the right thought process for this job". Julie told me she overheard a conversation of Brad being on the phone and it sounded like he was complaining to his wife when he was really on the phone with me complaining about Julie herself and Eric and the issues of his new couch and a fight with his wife.*

*Julie voiced her concerns to me about Brad multiple times since May. She would tell me to watch out because it seems like I am being favored and none of the guys are getting the same opportunity. He would isolate me from the rest of my coworkers. I barely worked with them, I would come into work and Brad and I would immediately go off and do our own work. He would point out me being "innocent and not knowing much about life". Brad would slowly work his way to touch me again. He would brush against me and then apologize and then build up to the point where he apologized enough for each incident that I assumed it was accidental. He would tell me "secrets" about his wife, kid, Julie, Eric, Neil, Brian and everyone who has some issues he would relay that information to me. He would tell me how special I am and how lucky he is to have someone like me working for him. He would tell me that I am the "rock" of the department because he can always just unload everything to me. Brad would call me just to talk to me about the frustrations throughout the day when I am not there. He would complain about everything Eric or Julie or Spencer did that I would have done better. He would call me to complain about his moving frustrations. He would tell me about the fights he had with his wife about how much he worked and how little he was home. He would tell me how*

*much he hated his wife and can't wait to divorce her. Brad would tell me about his previous jobs and why he left each job. He told me he "left" because of sexual harassment claims. He told me that he was accused of sleeping with one of his subordinates at a past property and he had to leave because the "claims were outrageous".*

36.     She complained to Kyle Miriani on multiple occasions. She spoke with Kyle about this complaint, while Neil Upadhyay, Director of Operations at Hotel Fort Des Moines, was present. Neil then explained that it was he that asked Brad to give Plaintiff better job duties and to give her special treatment. She offered to give Kyle the audio recordings she had made of Brad being inappropriate, but he did not want them.

37.     Kyle insisted there was insufficient evidence to terminate Brad despite all of his previous promises. The sexual harassment Plaintiff endured happened nearly every day.

38.     She then told Kyle that she did not feel comfortable continuing to work with Brad and gave him her resignation.

39.     Brian then made her an "offer" and gave her the opportunity to stay and work opposite schedules of Brad. Instead of continuing to work at the Hotel Fort Des Moines, she would be moved to oversee two different locations—Home2 Suites in Des Moines and TownePlace Suites in Johnston.

40.     Plaintiff agreed to this change, and she was told her job duties would be substantially the same and she would be given more authority and have a more superior role.

41.     Instead, her job duties changed substantially for the worse. She was no longer working with heavy machinery and the HVAC systems but painting and taking out trash.

42.     On July 25, 2022, she was constructively discharged as a result of the continued harassment and retaliation she experienced.

43.     First Hospitality, First Hospitality Inc, Hotel Fort Des Moines (and by extension

9

Hilton Worldwide and Curio Collection by Hilton), Brad Johnson, Kyle Miriani, Dillion

Douglas, and Neil Upadhyay engaged in a pattern and practice of sexual harassment.

### COUNT I – DISCRIMINATION ON THE BASIS OF SEX, AGE, DISABILITY, AND RELIGION AND RETATALIATION IN VIOLATION OF IOWA CODE CHAPTER 216 AGAINST ALL DEFENDANTS

44.     Plaintiff incorporates by reference as if fully set forth herein the allegations

contained in paragraphs 1 – 43 above.

45.     Plaintiff Lalor is a female and is a member of protected class under the Iowa Civil

Rights Act, Iowa Code Chapter 216.

46.     Defendants discriminated against Plaintiff with respect to the terms and

conditions of her employment based on her sex in violation of Iowa Code Chapter 216, as set

forth above.

47.     Defendants engaged in a continuing pattern and practice of sex discrimination and

sexual harassment in violation of the Iowa Civil Rights Act, Iowa Code Section 216.6.

48.     Plaintiff's sex was a motivating factor in the discrimination.

49.     Defendants discriminated against Plaintiff and other female employees, as set

forth above, in violation of Iowa Code Section 216.6.

50.     Plaintiff opposed and otherwise complained about this discrimination.

Defendants retaliated against Plaintiff by further discriminating against her, disciplining her, and

constructively discharging her.

51.     Plaintiff's complaints of discrimination were a motivating factor in Defendants'

retaliation against her.

52.     The Defendants' violations of Iowa Code Chapter 216 are the cause of Plaintiff's

injuries.

53.    As a result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, past and future loss of wages, benefits, and other emoluments of employment, past and future mental and emotional harm and anguish, anxiety, fear, loss of enjoyment of life, and other damages.

WHEREFORE, Plaintiff prays for the following relief:

a) That Defendants' conduct be declared to be in violation of Plaintiff's rights as outlined by Iowa Code Chapter 216;

b) That Defendants and their employees, agents, attorneys, successors and assigns, and those acting in concert therewith be enjoined from any conduct violating Plaintiff's rights or the rights of others similarly situated as secured by Chapter 216 of the Iowa Code, and that the Court order such other injunctive relief as necessary to prevent Defendants from continuing their discriminatory practices and to protect others similarly situated;

c) That Plaintiff be awarded compensatory damages;

d) That Plaintiff be made whole by providing her compensation for the past and future mental and emotional harm and anguish, and other affirmative relief;

e) That Plaintiff be awarded reasonable attorneys' fees and costs incurred in prosecuting this action; and

f) That Plaintiff be awarded such additional and further relief as is just and proper.

## COUNT II – SEX DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST CORPORATE DEFENDANTS ONLY

54.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 – 43 above.

55.    Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits

employers from discriminating against an employee because of such individual's sex.

56.     Plaintiff experienced discrimination and harassment based on her sex as set forth above.

57.     Defendants engaged in the above noted conduct because of Plaintiff's sex.

58.     Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter."

59.     Plaintiff complained about sex discrimination and harassment she experienced and otherwise opposed practices made unlawful by Title VII of the 1964 Civil Rights Act as set forth above.

60.     Defendants, their agents, and/or employees retaliated against Plaintiff because of her sex and because of her complaints opposing discrimination.

61.     The Defendants' violations of Title VII of the 1964 Civil Rights Act are the cause of Plaintiff's injuries.

62.     As a result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, past and future loss of wages, benefits, and other emoluments of employment, past and future emotional distress, anxiety, fear, loss of enjoyment of life, and other damages.

63.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff prays for the following relief:

a)  That Defendants' conduct be declared to be in violation of Plaintiff's rights as outlined by Title VII of the 1964 Civil Rights Act;

b)  That Defendants and their employees, agents, attorneys, successors and assigns, and

those acting in concert therewith be enjoined from any conduct violating Plaintiff's rights or the rights of others similarly situated as secured by Title VII of the 1964 Civil Rights Act, and that the Court order such other injunctive relief as necessary to prevent Defendants from continuing their discriminatory practices and to protect others similarly situated;

c) That Plaintiff be awarded compensatory damages;

d) That Plaintiff be made whole by providing her compensation for the past and future emotional distress, and other affirmative relief;

e) That Plaintiff be awarded punitive damages in an amount sufficient to punish Defendants and to deter them and others from similar conduct in the future;

f) That Plaintiff be awarded reasonable attorneys' fees and costs incurred in prosecuting this action; and

g) That Plaintiff be awarded such additional and further relief as is just and proper.

### COUNT III – COMMON LAW ASSAULT AND BATTERY AGAINST ALL DEFENDANTS

64.　Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 – 43 above.

65.　Brad Johnson committed common law assault and battery by using his hands and body to forcibly touch Plaintiff's body.

66.　Plaintiff expressed her lack of consent to Brad's repeated forcible touching of her body.

67.　Brad knew that Plaintiff would find the above-outlined actions offensive.

68.　Brad intended to commit these acts.

69.　Brad's actions were a cause of Plaintiff's injuries and damages as set forth herein.

13

70.     Under the doctrine of respondent superior, the Corporate Defendants are legally liable for any damages proximately caused to Plaintiff by the conduct of Brad of which they were aware and failed to protect Plaintiff from it.

71.     As a result of Brad's actions, Plaintiff sustained injuries and damages, including but not limited to past and future loss of wages, past and future loss of function of body and mind, past and future pain and suffering, and other damages as will be shown by the evidence.

72.     Brad's actions perpetrated against Plaintiff were willful and wanton and done with malice or in reckless disregard of the rights of Plaintiff, entitling her to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that will fully and fairly compensate her for her injuries and damages, punitive damages in an amount sufficient to punish and deter Defendant and others from the same or similar wrongful conduct, court costs, interest as allowed by law, and such other appropriate relief as the Court finds may be just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all the issues arising out if the matters pled herein.

*/s/ Roxanne Conlin*
ROXANNE CONLIN AT0001642
TYLER K. ADAMS AT0014549
ROXANNE CONLIN & ASSOCIATES, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321-2418
Phone: (515) 283-1111; Fax: (515) 282-0477
Email: roxanne@roxanneconlinlaw.com
            tadams@roxanneconlinlaw.com
cc: dpalmer@roxanneconlinlaw.com

E-FILED  2024 JAN 05 11:00 AM POLK - CLERK OF DISTRICT COURT

ATTORNEYS FOR PLAINTIFF

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SYDNEY LALOR,<br><br>　　　Plaintiff,<br><br>v.<br><br>HAWKEYE HOTELS, INC. d/b/a HOTEL FORT DES MOINES, HILTON FRANCHISE HOLDING L.L.C. d/b/a HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., BRAD JOHNSON, KYLE MIRIANI, DILLON DOUGLAS, and NEAL UPADHYAY,<br><br>　　　Defendants. | CASE No. LACL157615<br><br>**FIRST AMENDED PETITION AND JURY DEMAND** |

COMES NOW, Plaintiff Sydney Lalor, by and through counsel, and hereby brings her causes of action against Defendants Hawkeye Hotels, Inc. d/b/a Hotel Fort Des Moines, Hilton Franchise Holding L.L.C. d/b/a Hilton Worldwide and Curio Collection by Hilton, First Hospitality L.L.C, First Hospitality Group, Inc., Brad Johnson, Kyle Miriani, Dillion Douglas, and Neil Upadhyay and states to the Court as follows:

### INTRODUCTION

1.　　This is an action under and pursuant to the Iowa Civil Rights Act ("ICRA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and common law.

2.　　Under ICRA, Title VII, and common law Plaintiff is protected from discriminatory practices as well as retaliation for opposing discriminatory conduct and physical assault and battery.

### PROCEDURAL REQUIREMENTS

1

3.      Plaintiff filed her sex discrimination complaint, and complaint of retaliation, with the Iowa Civil Rights Commission on December 19, 2022, within the 300-day limitations period from the last discriminatory act alleged.

4.      On October 18, 2023, less than ninety days prior to the filing of this Complaint, the Iowa Civil Rights Commission issued a Right to Sue Letter.

5.      On January 8, 2024, less than ninety days prior to the filing of this Complaint, the U.S. Equal Opportunity Commission issued a Right to Sue Letter.

**JURISDICTION AND VENUE**

6.       The unlawful actions alleged herein were committed in Polk County, Iowa.

7.       Venue is properly laid in this judicial district pursuant to Iowa Code § 616.17 and  616.18, in that one or more Defendants reside in Polk County, Iowa.

8.       The amount in controversy exceeds $6,500.00, thus jurisdiction is proper pursuant  to Iowa Code § 602.6101.

**PARTIES**

9.      Plaintiff Sydney Lalor is female, 23-years-old, and all times material hereto, was a citizen and resident of Polk County, Iowa.

10.      Hilton Franchise Holding L.L.C. d/b/a Hilton Worldwide and Curio Collection by Hilton is a limited liability company organized and existing under the laws of the State of Delaware with its headquarters at 7930 Jones Branch Dr, McLean, VA  22102 doing business in Iowa as the Hotel Fort Des Moines, in Polk County, Iowa.

11.      On information and belief at all times material hereto, Defendant Hawkeye Hotels, Inc. d/b/a Hotel Fort Des Moines was a corporation organized and existing under the laws of the State of Iowa, with its principal place of business at 1000 Walnut Street, Des Moines,

2

Polk County, Iowa.

12.     At all times material hereto, Defendant First Hospitality L.L.C. was a property management company with its headquarters and principal place of business in Rosemont, Illinois, doing business in Iowa as the management company for the Hotel Fort Des Moines in Des Moines, Polk County, Iowa.

13.     At all times material hereto, Defendant First Hospitality Group, Inc. was a property management company with its headquarters and principal place of business in Chicago, Illinois doing business in Iowa as the management company for the Hotel Fort Des Moines in Des Moines, Polk County, Iowa

14.     At all times material hereto, Defendant Dillon Douglas was Director of Revenue Management and Director of the Front Office at the Hotel Fort Des Moines.  On information and belief, he is a citizen and resident of Polk County, Iowa.

15.     At all times material hereto, Defendant Brad Johnson was the Director of Engineering of the Hotel Ft. Des Moines.  On information and belief, he is a citizen and resident of Polk County, Iowa.

16.     At all times material hereto, Defendant Kyle Miriani was Director of Human Resources at the Hotel Ft. Des Moines.  On information and belief, he is a citizen and resident of Polk County, Iowa.

17.     At all times material hereto, Defendant Neil Upadhyay was Director of Operations for the Hotel Fort Des Moines and Plaintiff's direct supervisor.  On information and belief, he was a citizen and resident of Polk County, Iowa.

18.     Under the doctrine of *respondeat superior*, Corporate Defendants and each of them are legally liable for any damages caused to Plaintiff by the conduct of Defendants

3

Douglas, Johnson, Miriani, and Upadhyay, or in the alternative, under the principles of ostensible agency, Corporate Defendants are legally liable for any damages caused to Plaintiff by the conduct of Defendants Douglas, Johnson, Miriani, and Upadhyay.

## FACTUAL BACKGROUND

19.     Defendant First Hospitality is a hotel management and development company that provides services to Hotel Fort Des Moines and other hotels around the Des Moines metro area.

20.     Plaintiff Lalor is a white, 22-year old female.  She started employment with First Hospitality in March, 2022 initially in the security department and then later in the engineering department at Hotel Fort Des Moines.

21.     Once she was moved to engineering, her direct supervisor was Brad Johnson, the Director of Engineering.  About a week after moving in the engineering department, Brad began to make sexual comments towards her and physically graze his body against her.

22.     Brad would consistently find any excuse to touch her back, stomach, thigh, shoulders, and butt. He consistently talked about how much he hated his wife and how many affairs he has had with other women.

23.     Brad would ask her to go on dates. He would ask her to go out for drinks and try to take her out and teach her to play pool.

24.     Brad would frequently try to make something she said or something he said into a sexual comment. For example, if they were talking about nails, he would make a comment about getting "nailed" or if we were looking for a certain piece of wood, he would make jokes about erections.

25.     He made sexual jokes toward her on a daily basis throughout her time with First Hospitality. He said multiple times that she was his "dream girl" and if he was 20 years younger,

he would try to date her. He told her that she was every man's "wet dream". He told her multiple

times a day how cute she was or how "nice" she looks in certain positions, such as if she was

bending over.

26.    Brad would hug her tightly. He touched her breasts several times. Brad made

jokes and gestures about measuring certain things such as her breasts or the size of his penis.

27.    He would touch her knees or thighs, touch her shoulders and move her by my

shoulders, rub her shoulders, touch her hips, touch her stomach, and touch and rub her back.

28.    When she purposefully ignored Brad's sexual innuendos or jokes and did not

laugh, he told her he would "fix my innocence" and joke that he is HR's worst nightmare.

29.    In May of 2022, she made a detailed report of the sexual harassment as follows:

**May 2022 Report**
**From: Sydney Lalor**
**To: Kyle Miriani, Director of Human Resources**
**Re: Brad Johnson's sexual harassment**

From the very first day I switched over to engineering Brad has been inappropriately
touching me and making crass comments towards me. It started off slowly with a touch on the
shoulder or rub on the back and quickly turned into a more habitual thing throughout the day.
Brad would consistently find any excuse to touch my back, stomach, thigh, shoulders and butt.
Brad consistently talks about how much he hates his wife or how many affairs he has had with
other women without his wife's knowledge. Brad would ask me out on dates occasionally, he
would ask me to go out for drinks with him or he would be persistent about trying to take me out
and teach me how to play pool (billiards). Brad would take any opportunity he could to make
something I said or something he said into a sexual manner. He would make sexual jokes toward
me through the days. He has told me multiple times that I am his "dream girl" and if he was 20
years younger he would try to date me. He has told me that I am every man's "wet dream". Brad
tells me multiple times a day how cute I am or how "nice" I look in certain positions (if I am
bending down or when I get excited about figuring out a piece of machinery). Brad takes any
opportunity he gets to hug me (tightly). He has "accidentally" touched my breasts a few times.
Brad has made jokes and gestures about measuring certain things such as my breasts or the size
of his penis. Below is a rough estimate of dates and times of each occurrence that has happened:

Occurrences that happen daily:
-    Telling me I am cute
-    Touching my knees or thighs if we are sitting down
-    Touching my shoulders and moving me by my shoulders or just rubbing my shoulders

- Touching my hips to move me out of the way or just finding an excuse to touch my hips
- Touching or tapping my stomach if I am bent over or leaning or standing
- Touching and rubbing my back
- He will take any sentence I say or something he himself says and tries to make it into a sexual joke
- Tells me he will "fix my innocence"
- Talks about how much he hates his wife and wants to divorce her
- Makes jokes about how he is "HR worst nightmare"
- Hugging me

Events that I can recall on a certain day:
- <u>Thursday 03/31 after lunch time.</u> Brad and I were in his office and he asked me out to drinks and play pool (billiards)
- <u>Monday 04/18 at 22:15</u> Brad swung by work late to see me and see his office that I had just cleaned and organized. We went downstairs in his office, he complimented me on how "nice I look in security clothes". He then goes and hugs me and I feel Brad has a boner and he hugs me tight and rubs my back for about 3-4 seconds.
- <u>Wednesday 04/20</u>:
-  after 12:00 Brad and I were walking up the basement stairs to the kitchen and he grabs the gloves out of my back pocket and smacks my butt with them.
- At 14:25 Brad and I were in the PBX room talking about the HVAC system and he puts his arm on my thigh (I took a picture of it)
- <u>Thursday 04/21</u>:
-  at 12:40. Brad and I were in the laundry room and he made a crass comment "what you don't want my ass in your face?"
- At 12:50 Brad and I were in the shop and I bent over to put something away and he asks me to "shake that thing" referring to my butt
- At 12:55 Brad tickled me in the shop (it might be on camera) then after I walk past him you can hear him ask "you're not that ticklish are you"
- At 13:20 we were in the basement and Brad touches me by the waist to move me out of the way twice.
- At 13:31 Brad and I walk into the main electrical room and I point out there is wood, big wood. And Brad mumbles something sexual and he said he "went right dirty" (I caught this on voice recording 04:20 time stamp in the recording)
- 14:10 Brad touch my stomach (tapped it)  in the kitchen
- 14:30 Brad Grabs me by the waist in the hallway as we are walking towards the shop and then a few minutes later Brad says "oh I might've gotten grease on your waist/shirt" (you can hear this on the cameras)
- 17:45 Brad touches my stomach in the PBX room (that one was definitely caught kn camera)
- **Thursday 04/21 at 12:40**. Brad and I were in the laundry room and he made a crass comment, "what, you don't want my ass in your face?" At 12:50, Brad and I were in the shop, and I bent over to put something away, and he asked me to "shake that thing", referring to my butt. At 12:55, Brad tickled me in the shop, and then after I walked past him, asked, "you're not that ticklish are you?" At 13:20, we were in the basement and Brad touched me by the waist to move me out of the way twice. At 13:31, Brad and I walked into

the main electrical room and I pointed out there is wood and Brad made an erection joke. At 14:10, Brad touched my stomach in the kitchen. Brad grabbed me by the waist in the hallway as we are walking towards the shop and then a few minutes later, Brad said "oh, I might've gotten grease on your waist/shirt." At 17:45, Brad touched my stomach in the PBX room.

30.     He told her that she was "every man's dream girl," that he would date her if he was younger, and calling her *his* "rock star." He also gave her better job duties while her other colleagues had been on the job longer. He called her up to talk casually and gossip about her colleagues. He would text at inappropriate hours and days and try to flirt with her.

31.     In May 2022, two other female co-workers (Megan Christensen and Kendra (last name unknown) also reported Brad's conduct to Kyle Miriani, Director of Human Resources at Hotel Fort Des Moines.

32.     Kyle conducted a short investigation (1 to 2 days) and put Brad on a very short leave of absence from work. He told her he wanted both Brad and her to continue working together, and that they needed to "find a compromise". Kyle asked if she could try to work with him again with the promise of Brad being on thin ice and if "anything were to happen again he would be fired. No questions asked".

33.     Kyle excused Brad's behavior, saying it was simply Brad's personality and age. Brad agreed to stop his inappropriate behavior or agree to be fired. While Brad's behavior did seemed to stop towards Megan and Kendra, he did not stop harassing her.

34.     He continued to harass her when no one else was around. He continued to physically brush up against her and joked about it, telling her not to report him again. He also thought the reports against him were funny. He thanked her for making the report because on his leave of absence he won money gambling.

35.     In July 2022, Plaintiff made a second report against Brad to Kyle. It read as follows:

E-FILED  2024 JAN 24 9:45 AM POLK - CLERK OF DISTRICT COURT

*Everything started happening beginning of May. Started off with jokes about his suspension and how he took the time to go to the casino and "won big" it was a "great, relaxing time".  Things started escalating when brad saw me laughing along with the jokes he was making about the situation. He pushed the limits further starting to touch me again, just quick brushes against my arm or shoulder. He would apologize and jokingly ask me not to report him again. I would just laugh everything off and go right back to work. Brad would then start to touch my knee or shoulder or back longer throughout the days. He was being cautious and apologizing each time until he started touching my stomach and calling me cute again. He was doing exactly what he was doing beforehand except now he made sure no one was around and he would only do things when we are alone and nowhere near cameras. He would ask me personal questions occasionally "if I was dating anyone" and if I wasn't then he would ask "why not I am any guys dream girl". Brad would ask me to clean the chiller up on the roof and when I would do that he watched and commented about how flexible I am to squeeze in the tight places. Everything happens either in guest rooms when we are working or inside his office/shop along with the machine room (penthouse).*

*Brad would always tell me personal things about my coworkers. He would tell me about Eric's situation with his family and his law issue. He would come to me laughing each time Eric would come to him asking for a raise and was turned down. Brad would complain to me about the work Eric was doing and how bad it was, so bad "that a third grader would be able to do better work". Brad would tell me the internal issues with him and Julie, how much she was crossing boundaries with other departments. He would complain to me about her attitude towards him and how she would "go above his head to Neil or Brian". Brad would tell me how he wants to fire Julie because she does not bring anything to the team and she is just a "pain in my ass". Brad would adjust the schedule for me and my wants/needs throughout the week but wouldn't do the same to anyone else because he "actually wants me around unlike eric and Julie". Brad would tell me how he hopped that by ignoring eric's requests and not promoting him that Eric would quit. Brad refused to teach Eric and Julie anything that I was taught. Brad's reasoning was because we "got along and I am smart enough and have the right thought process for this job". Julie told me she overheard a conversation of Brad being on the phone and it sounded like he was complaining to his wife when he was really on the phone with me complaining about Julie herself and Eric and the issues of his new couch and a fight with his wife.*

*Julie voiced her concerns to me about Brad multiple times since May. She would tell me to watch out because it seems like I am being favored and none of the guys are getting the same opportunity. He would isolate me from the rest of my coworkers. I barely worked with them, I would come into work and Brad and I would immediately go off and do our own work. He would point out me being "innocent and not knowing much about life". Brad would slowly work his way to touch me again. He would brush against me and then apologize and then build up to the point where he apologized enough for each incident that I assumed it was accidental. He would tell me "secrets" about his wife, kid, Julie, Eric, Neil, Brian and everyone who has some issues he would relay that information to me. He would tell me how special I am and how lucky he is to have someone like me working for him. He would tell me that I am the "rock" of the department because he can always just unload everything to me. Brad would call me just to talk to me about the*

*frustrations throughout the day when I am not there. He would complain about everything Eric or Julie or Spencer did that I would have done better. He would call me to complain about his moving frustrations. He would tell me about the fights he had with his wife about how much he worked and how little he was home. He would tell me how much he hated his wife and can't wait to divorce her. Brad would tell me about his previous jobs and why he left each job. He told me he "left" because of sexual harassment claims. He told me that he was accused of sleeping with one of his subordinates at a past property and he had to leave because the "claims were outrageous".*

36.     She complained to Kyle Miriani on multiple occasions.  She spoke with Kyle about this complaint, while Neil Upadhyay, Director of Operations at Hotel Fort Des Moines, was present. Neil then explained that it was he that asked Brad to give Plaintiff better job duties and to give her special treatment. She offered to give Kyle the audio recordings she had made of Brad being inappropriate, but he did not want them.

37.     Kyle insisted there was insufficient evidence to terminate Brad despite all of his previous promises. The sexual harassment Plaintiff endured happened nearly every day.

38.     She then told Kyle that she did not feel comfortable continuing to work with Brad and gave him her resignation.

39.     Brian then made her an "offer" and gave her the opportunity to stay and work opposite schedules of Brad. Instead of continuing to work at the Hotel Fort Des Moines, she would be moved to oversee two different locations—Home2 Suites in Des Moines and TownePlace Suites in Johnston.

40.     Plaintiff agreed to this change, and she was told her job duties would be substantially the same and she would be given more authority and have a more superior role.

41.     Instead, her job duties changed substantially for the worse. She was no longer working with heavy machinery and the HVAC systems but painting and taking out trash.

42.     On July 25, 2022, she was constructively discharged as a result of the continued

harassment and retaliation she experienced.

43.     First Hospitality, First Hospitality Inc, Hotel Fort Des Moines (and by extension Hilton Worldwide and Curio Collection by Hilton), Brad Johnson, Kyle Miriani, Dillion Douglas, and Neil Upadhyay engaged in a pattern and practice of sexual harassment.

## COUNT I – DISCRIMINATION ON THE BASIS OF SEX, AGE, DISABILITY, AND RELIGION AND RETATALIATION IN VIOLATION OF IOWA CODE CHAPTER 216 AGAINST ALL DEFENDANTS

44.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 – 43 above.

45.     Plaintiff Lalor is a female and is a member of protected class under the Iowa Civil Rights Act, Iowa Code Chapter 216.

46.     Defendants discriminated against Plaintiff with respect to the terms and conditions of her employment based on her sex in violation of Iowa Code Chapter 216, as set forth above.

47.     Defendants engaged in a continuing pattern and practice of sex discrimination and sexual harassment in violation of the Iowa Civil Rights Act, Iowa Code Section 216.6.

48.     Plaintiff's sex was a motivating factor in the discrimination.

49.     Defendants discriminated against Plaintiff and other female employees, as set forth above, in violation of Iowa Code Section 216.6.

50.     Plaintiff opposed and otherwise complained about this discrimination. Defendants retaliated against Plaintiff by further discriminating against her, disciplining her, and constructively discharging her.

51.     Plaintiff's complaints of discrimination were a motivating factor in Defendants' retaliation against her.

10

52.     The Defendants' violations of Iowa Code Chapter 216 are the cause of Plaintiff's injuries.

53.     As a result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, past and future loss of wages, benefits, and other emoluments of employment, past and future mental and emotional harm and anguish, anxiety, fear, loss of enjoyment of life, and other damages.

WHEREFORE, Plaintiff prays for the following relief:

a)  That Defendants' conduct be declared to be in violation of Plaintiff's rights as outlined by Iowa Code Chapter 216;

b)  That Defendants and their employees, agents, attorneys, successors and assigns, and those acting in concert therewith be enjoined from any conduct violating Plaintiff's rights or the rights of others similarly situated as secured by Chapter 216 of the Iowa Code, and that the Court order such other injunctive relief as necessary to prevent Defendants from continuing their discriminatory practices and to protect others similarly situated;

c)  That Plaintiff be awarded compensatory damages;

d)  That Plaintiff be made whole by providing her compensation for the past and future mental and emotional harm and anguish, and other affirmative relief;

e)  That Plaintiff be awarded reasonable attorneys' fees and costs incurred in prosecuting this action; and

f)  That Plaintiff be awarded such additional and further relief as is just and proper.

**COUNT II – SEX DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST CORPORATE DEFENDANTS ONLY**

54.     Plaintiff incorporates by reference as if fully set forth herein the allegations

11

contained in paragraphs 1 – 43 above.

55.     Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee because of such individual's sex.

56.     Plaintiff experienced discrimination and harassment based on her sex as set forth above.

57.     Defendants engaged in the above noted conduct because of Plaintiff's sex.

58.     Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter."

59.     Plaintiff complained about sex discrimination and harassment she experienced and otherwise opposed practices made unlawful by Title VII of the 1964 Civil Rights Act as set forth above.

60.     Defendants, their agents, and/or employees retaliated against Plaintiff because of her sex and because of her complaints opposing discrimination.

61.     The Defendants' violations of Title VII of the 1964 Civil Rights Act are the cause of Plaintiff's injuries.

62.     As a result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, past and future loss of wages, benefits, and other emoluments of employment, past and future emotional distress, anxiety, fear, loss of enjoyment of life, and other damages.

63.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff prays for the following relief:

a)  That Defendants' conduct be declared to be in violation of Plaintiff's rights as outlined by

12

Title VII of the 1964 Civil Rights Act;

b)  That Defendants and their employees, agents, attorneys, successors and assigns, and those acting in concert therewith be enjoined from any conduct violating Plaintiff's rights or the rights of others similarly situated as secured by Title VII of the 1964 Civil Rights Act, and that the Court order such other injunctive relief as necessary to prevent Defendants from continuing their discriminatory practices and to protect others similarly situated;

c)  That Plaintiff be awarded compensatory damages;

d)  That Plaintiff be made whole by providing her compensation for the past and future emotional distress, and other affirmative relief;

e)  That Plaintiff be awarded punitive damages in an amount sufficient to punish Defendants and to deter them and others from similar conduct in the future;

f)  That Plaintiff be awarded reasonable attorneys' fees and costs incurred in prosecuting this action; and

g)  That Plaintiff be awarded such additional and further relief as is just and proper.

**COUNT III – COMMON LAW ASSAULT AND BATTERY AGAINST ALL DEFENDANTS**

64.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 – 43 above.

65.     Brad Johnson committed common law assault and battery by using his hands and body to forcibly touch Plaintiff's body.

66.     Plaintiff expressed her lack of consent to Brad's repeated forcible touching of her body.

67.     Brad knew that Plaintiff would find the above-outlined actions offensive.

13

E-FILED  2024 JAN 24 9:45 AM POLK - CLERK OF DISTRICT COURT

68.     Brad intended to commit these acts.

69.     Brad's actions were a cause of Plaintiff's injuries and damages as set forth herein.

70.     Under the doctrine of respondent superior, the Corporate Defendants are legally liable for any damages proximately caused to Plaintiff by the conduct of Brad of which they were aware and failed to protect Plaintiff from it.

71.     As a result of Brad's actions, Plaintiff sustained injuries and damages, including but not limited to past and future loss of wages, past and future loss of function of body and mind, past and future pain and suffering, and other damages as will be shown by the evidence.

72.     Brad's actions perpetrated against Plaintiff were willful and wanton and done with malice or in reckless disregard of the rights of Plaintiff, entitling her to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that will fully and fairly compensate her for her injuries and damages, punitive damages in an amount sufficient to punish and deter Defendant and others from the same or similar wrongful conduct, court costs, interest as allowed by law, and such other appropriate relief as the Court finds may be just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all the issues arising out if the matters pled herein.

*/s/ Roxanne Conlin*
ROXANNE CONLIN AT0001642
TYLER K. ADAMS AT0014549
ROXANNE CONLIN & ASSOCIATES, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321-2418
Phone: (515) 283-1111; Fax: (515) 282-0477
Email: roxanne@roxanneconlinlaw.com

14

E-FILED  2024 JAN 24 9:45 AM POLK - CLERK OF DISTRICT COURT

tadams@roxanneconlinlaw.com
cc: dpalmer@roxanneconlinlaw.com


ATTORNEYS FOR PLAINTIFF

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SYDNEY LALOR,<br><br>       Plaintiff,<br><br>v.<br><br>HAWKEYE HOTELS, INC. d/b/a HOTEL FORT DES MOINES, HILTON FRANCHISE HOLDING, L.L.C. d/b/a HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., BRAD JOHNSON, KYLE MIRIANI, DILLON DOUGLAS, and NEAL UPADHYAY,<br><br>       Defendants. | CASE NO. LACL157615<br><br>**AMENDED ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANTS:

You are notified that a Petition has been filed electronically in the office of the clerk of this court naming you as the defendants in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorneys for the Plaintiff are Roxanne Conlin and Tyler Adams of Roxanne Conlin & Associates, P.C., 3721 SW 61st Street, Suite C, Des Moines, IA 50321-2418. That attorneys' phone number is 515-283-1111; facsimile number 515-282-0477.

Polk County is an e-filing county. Please refer to Chapter 16 of the Iowa Rules of Court and specifically Division VI of Chapter 16 regarding the protection of personal and confidential information. You must serve a motion or answer within 20 days after the service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, at the county courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 515-286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

(SEAL)

                                       _____

                                       POLK COUNTY CLERK OF COURT
                                       Polk County Courthouse
                                       500 Mulberry St.
                                       Des Moines, IA 50309

**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.**

E-FILED  2024 JAN 25 10:43 AM POLK - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*  **LACL157615**

*County*  **Polk**

*Case Title*  LALOR VS HOTEL FORT DES MOINES HILTON WORLDWIDE A

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **01/25/2024 10:43:39 AM**



*District Clerk of Court or/by Clerk's Designee of*  Polk          *County*

**/s/ Valeri Mueller**

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SYDNEY LALOR, | CASE NO. LACL157615 |
| Plaintiff, | **ACCEPTANCE OF SERVICE** |
| v. | |
| HAWKEYE HOTELS, INC. d/b/a HOTEL FORT DES MOINES, HILTON FRANCHISE HOLDING L.L.C. d/b/a HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., BRAD JOHNSON, KYLE MIRIANI, DILLON DOUGLAS, and NEAL UPADHYAY, | |
| Defendants. | |

I, Bridget R. Penick, do hereby state that I have full authority to accept service of process on behalf of First Hospitality, LLC and First Hospitality Group, Inc., that I have received a copy of the Amended Original Notice and First Amended Petition at Law and Jury Demand, and I hereby accept and acknowledge due and legal service of these documents on First Hospitality, LLC, and First Hospitality Group, Inc.'s behalf.

**FREDRIKSON & BYRON, P.A.**

*/s/ Bridget R. Penick*

Bridget R. Penick (AT6147)
bpenick@fredlaw.com
Olivia Norwood (AT0013429)
onorwood@fredlaw.com
111 East Grand Avenue, Suite 301
Des Moines, IA 50309
Telephone: (515) 242-8900
Facsimile: (515) 242-8950

**ATTORNEYS FOR FIRST
HOSPITALITY, LLC AND
FIRST HOSPITALITY GROUP, INC.**

1

E-FILED  2024 JAN 29 2:25 PM POLK - CLERK OF DISTRICT COURT

**Certificate of Service**

    The undersigned certifies the foregoing document was electronically filed with the Clerk of Court using the Electronic Document Management System (EDMS) on January 29, 2024, which will send a notice of electronic filing to all counsel of record registered with the EDMS system.

/s/ *Faith A. Baker*

2

E-FILED  2024 JAN 30 2:06 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SYDNEY LALOR, | Case No. LACL157615 |
| Plaintiff, | |
| vs. | **APPEARANCE OF OLIVIA N. NORWOOD** |
| HAWKEYE HOTELS, INC. d/b/a HOTEL FORT DES MOINES, HILTON FRANCHISE HOLDING L.L.C. d/b/a HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., BRAD JOHNSON, KYLE MIRIANI, DILLON DOUGLAS, and NEAL UPADHYAY, | |
| Defendants. | |

Olivia N. Norwood enters her appearance in this docket on behalf of Defendants First

Hospitality L.L.C. and First Hospitality Group, Inc.

Dated this 30th day of January 2024.           **FREDRIKSON & BYRON P.A.**

                                               */s/ Olivia N. Norwood*
                                               Olivia N. Norwood (AT0013429)
                                               onorwood@fredlaw.com
                                               111 East Grand Avenue, Suite 301
                                               Des Moines, IA 50309-1972
                                               Telephone:  (515) 242-8900
                                               Facsimile:  (515) 242-8950

                                               ***Attorney for Defendants***

E-FILED  2024 JAN 30 2:06 PM POLK - CLERK OF DISTRICT COURT

**Certificate of Service**

The undersigned hereby certifies that on January 30, 2024, the foregoing document was electronically filed with the Clerk of Court using the EDMS system, which will send a notice of electronic filing to all counsel of record registered with the EDMS system.

*/s/ Faith A. Baker*

E-FILED  2024 FEB 01 2:07 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SYDNEY LALOR,<br><br>       Plaintiff,<br><br>  vs.<br><br>HAWKEYE HOTELS, INC. d/b/a HOTEL FORT DES MOINES, HILTON FRANCHISE HOLDING L.L.C. d/b/a HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., BRAD JOHNSON, KYLE MIRIANI, DILLON DOUGLAS, and NEAL UPADHYAY,<br><br>       Defendants. | Case No. LACL157615<br><br><br>**APPEARANCE OF<br>BRIDGET R. PENICK** |

Bridget R. Penick enters her appearance in this docket on behalf of Defendants First Hospitality, LLC and First Hospitality Group, Inc.

Dated this 1st day of February 2024.

**FREDRIKSON & BYRON, P.A.**

*/s/ Bridget R. Penick*
Bridget R. Penick (AT0006147)
bpenick@fredlaw.com
Olivia Norwood (AT0013429)
onorwood@fredlaw.com
111 East Grand Avenue, Suite 301
Des Moines, IA 50309-1972
Telephone:  (515) 242-8902
Facsimile:  (515) 242-8950

**ATTORNEYS FOR FIRST
HOSPITALITY, LLC AND
FIRST HOSPITALITY GROUP, INC.**

E-FILED  2024 FEB 01 2:07 PM POLK - CLERK OF DISTRICT COURT

**Certificate of Service**

The undersigned hereby certifies that on February 1, 2024, the foregoing document was electronically filed with the Clerk of Court using the EDMS system, which will send a notice of electronic filing to all counsel of record registered with the EDMS system.

*/s/ Faith A. Baker*

E-FILED  2024 FEB 02 10:27 AM POLK - CLERK OF DISTRICT COURT

# PROOF OF SERVICE

Case No.   LACL157615

I hereby certify and make return; that I received the following on 1/24/24,

➢ AMENDED ORIGINAL NOTICE
➢ FIRST AMENDED PETITION AND JURY DEMAND

that on 1/30/24 at 12:05 PM, I served said document(s) directed to:

BRAD JOHNSON at 1107 25th St. SE, Altoona, Polk County, IA 50009

\_\_\_\_\_  by personal service.

X  at their dwelling house or usual place of abode (which place was not a rooming house, hotel, club or apartment building) by substitute service on the individual named below, which is a person who resides therein and was at least 18 years of age.

\_\_\_\_\_  at their dwelling house or usual place of abode (which place was a rooming house, hotel, club or apartment building) by substitute service on a family member, roommate, manager or landlord named below, which is a person who was at least 18 years of age.

\_\_\_\_\_  by serving the company, corporation, association, government agency, estate, guardianship/conservatorship, individual in their professional capacity, etc. on the appropriate agent or officer named below.

\_\_\_\_\_  by posting the document(s) and mailing by certified and regular, first class mail (dates and times of attempts and posting detailed below).

PATRICIA JOHNSON, WIFE

_____

NAME AND RELATIONSHIP/TITLE OF PERSON SERVED (IF NOT SHOWN ABOVE)



_____

Sworn and subscribed to before me by ANDREW GOERLITZ on this 2nd day of February, 2024.

SHELLEY E. DRAUR
Commission Number 766107
My Commission Expires
January 3, 2026

Notary Public in and for the State of Iowa

E-FILED  2024 FEB 06 9:23 AM POLK - CLERK OF DISTRICT COURT

## AFFIDAVIT OF SERVICE

| Case:<br>LACL157615 | Court:<br>IN THE IOWA DISTRICT COURT | County:<br>FOR POLK COUNTY | Job:<br>10368638 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>SYDNEY LALOR | | **Defendant / Respondent:**<br>HAWKEYE HOTELS, INC. d/b/a HOTEL FORT DES MOINES, HILTON FRANCHISE HOLDING, L.L.C. d/b/a HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., BRAD JOHNSON, KYLE MIRIANI, DILLON DOUGLAS, and NEAL UPADHYAY, | |
| **Received by:**<br>Iowa Process Service | | **For:**<br>Roxanne Conlin & Associates | |
| **To be served upon:**<br>Dillon Douglas | | | |

I, Amy Parkinson , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Dillon Douglas, 4021 Northeast 4th Street, Ankeny, IA 50021
**Manner of Service:**   Personal/Individual, Feb 5, 2024, 5:40 pm CST
**Documents:**   Amended Original Notice; First Amended Petition and Jury Demand (Received Jan 26, 2024 at 9:23am CST)

**Additional Comments:**
1) Served: Feb 5, 2024, 5:40 pm CST at 4021 Northeast 4th Street, Ankeny, IA 50021 received by Dillon Douglas. Age: 30; Ethnicity: Caucasian; Gender: Male; Weight: 160; Height: 6'; Hair: Brown; Eyes: Blue;

/s/ Amy Parkinson            02/05/2024

Amy Parkinson            **Date**

Iowa Process Service
1604 Country Club Rd
Indianola, IA 50125

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Halie  Loftis

**Notary Public**

02/05/2024            02/18/2027

**Date**            **Commission Expires**

E-FILED  2024 FEB 05 11:55 AM POLK - CLERK OF DISTRICT COURT

# AFFIDAVIT OF SERVICE

| Case:<br>LACL157615 | Court:<br>IN THE IOWA DISTRICT COURT | County:<br>FOR POLK COUNTY | Job:<br>10368640 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>SYDNEY LALOR | | **Defendant / Respondent:**<br>HAWKEYE HOTELS, INC. d/b/a HOTEL FORT DES MOINES, HILTON FRANCHISE HOLDING, L.L.C. d/b/a HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., BRAD JOHNSON, KYLE MIRIANI, DILLON DOUGLAS, and NEAL UPADHYAY, | |
| **Received by:**<br>Iowa Process Service | | **For:**<br>Roxanne Conlin & Associates | |
| **To be served upon:**<br>Hilton Franchise LLC Corporation Service Company | | | |

I, Steve Mitchell, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | Litigation Management Representative for Hilton Franchise LLC Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 |
| **Manner of Service:** | Registered Agent, Feb 5, 2024, 10:54 am EST |
| **Documents:** | Amended Original Notice; First Amended Petition and Jury Demand (Received Jan 26, 2024 at 9:23am CST) |

**Additional Comments:**
1) Served: Feb 5, 2024, 10:54 am EST at 251 Little Falls Drive, Wilmington, DE 19808 received by Litigation Management Representative for Hilton Franchise LLC Corporation Service Company.
Documents are accepted via dropbox and confirmed electronically of delivery.

_/s/Steve Mitchell_          02/05/2024

Steve Mitchell          **Date**

Iowa Process Service
1604 Country Club Rd
Indianola, IA 50125

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_Halee Loftis_

**Notary Public**

_02/05/2024_          _02/18/2027_

**Date**          **Commission Expires**

HALEE LOFTIS
Commission Number 830262
My Commission Expires
February 18, 2027

E-FILED 2024 FEB 06 9:23 AM POLK - CLERK OF DISTRICT COURT

# AFFIDAVIT OF SERVICE

| Case:<br>LACL157615 | Court:<br>IN THE IOWA DISTRICT COURT | County:<br>FOR POLK COUNTY | Job:<br>10368633 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>SYDNEY LALOR | | **Defendant / Respondent:**<br>HAWKEYE HOTELS, INC. d/b/a HOTEL FORT DES MOINES, HILTON FRANCHISE HOLDING, L.L.C. d/b/a HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., BRAD JOHNSON, KYLE MIRIANI, DILLON DOUGLAS, and NEAL UPADHYAY, | |
| **Received by:**<br>Iowa Process Service | | **For:**<br>Roxanne Conlin & Associates | |
| **To be served upon:**<br>HAWKEYE HOTELS, INC. d/b/a HOTEL FORT DES MOINES | | | |

I, SHAWN GILPIN, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Melissa Bean-Assistant Director Accounting & Payroll for HAWKEYE HOTELS, INC. d/b/a HOTEL FORT DES MOINES-Melissa Bean, 2706 James Street, Coralville, IA 52241

**Manner of Service:** Authorized, Feb 5, 2024, 11:25 am CST

**Documents:** Amended Original Notice; First Amended Petition and Jury Demand (Received Jan 26, 2024 at 9:23am CST)

**Additional Comments:**
1) Served: Feb 5, 2024, 11:25 am CST at 2706 James Street, Coralville, IA 52241 received by Melissa Bean-Assistant Director Accounting & Payroll for HAWKEYE HOTELS, INC. d/b/a HOTEL FORT DES MOINES-Melissa Bean. Age: 40's; Ethnicity: Caucasian; Gender: Female; Weight: 180; Height: 5'5"; Hair: Red;

---

*Subscribed and sworn to before me by the affiant who is personally known to me.*

/s/Shawn Gilpin     02/05/2024

SHAWN GILPIN     **Date**

Iowa Process Service
1604 Country Club Rd
Indianola, IA 50125

_Halee Loftis_

**Notary Public**

02/05/2024      2/18/2027

**Date**      **Commission Expires**



HALEE LOFTIS
Commission Number 830262
My Commission Expires
February 18, 2027

E-FILED  2024 FEB 05 10:33 PM POLK - CLERK OF DISTRICT COURT

## AFFIDAVIT OF SERVICE

| Case:<br>LACL157615 | Court:<br>IN THE IOWA DISTRICT COURT | County:<br>FOR POLK COUNTY | Job:<br>10368705 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>SYDNEY LALOR | | Defendant / Respondent:<br>HAWKEYE HOTELS, INC. d/b/a HOTEL FORT DES MOINES, HILTON FRANCHISE HOLDING, L.L.C. d/b/a HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., BRAD JOHNSON, KYLE MIRIANI, DILLON DOUGLAS, and NEAL UPADHYAY, | |
| Received by:<br>Iowa Process Service | | For:<br>Roxanne Conlin & Associates | |
| To be served upon:<br>KYLE MIRIANI | | | |

I, Steven Mason, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   KYLE MIRIANI, 27074 North Pleasant Ridge Drive, Dearborn Heights, MI 48127

**Manner of Service:**   Personal/Individual, Feb 5, 2024, 4:15 pm HST

**Documents:**   Amended Original Notice; First Amended Petition and Jury Demand (Received Jan 26, 2024 at 9:23am CST)

**Additional Comments:**
1) Served: Feb 5, 2024, 4:15 pm HST at 27074 North Pleasant Ridge Drive, Dearborn Heights, MI 48127 received by KYLE MIRIANI. Age: 30; Ethnicity: Caucasian; Gender: Male; Hair: Brown;

Steven Mason   02-05-2024
_____
Steven Mason         Date

Iowa Process Service
1604 Country Club Rd
Indianola, IA 50125

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Halee Loftis
_____
Notary Public

02/05/2024            02/18/2027
_____
Date            Commission Expires

NOTARIAL SEAL
IOWA

HALEE LOFTIS
Commission Number 830262
My Commission Expires
February 18, 2027

E-FILED  2024 FEB 06 9:23 AM POLK - CLERK OF DISTRICT COURT

## AFFIDAVIT OF SERVICE

| Case:<br>LACL157615 | Court:<br>IN THE IOWA DISTRICT COURT | County:<br>FOR POLK COUNTY | Job:<br>10369249 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>SYDNEY LALOR | | Defendant / Respondent:<br>HAWKEYE HOTELS, INC. d/b/a HOTEL FORT DES MOINES, HILTON FRANCHISE HOLDING, L.L.C. d/b/a HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., BRAD JOHNSON, KYLE MIRIANI, DILLON DOUGLAS, and NEAL UPADHYAY, | |
| Received by:<br>Iowa Process Service | | For:<br>Roxanne Conlin & Associates | |
| To be served upon:<br>NEIL UPADHYAY | | | |

I, Lance McDade, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** NEIL UPADHYAY, HAMPTON INN: 3400 Colonnade Parkway, Birmingham, AL 35243

**Manner of Service:** Personal/Individual, Feb 5, 2024, 5:31 pm CST

**Documents:** Amended Original Notice; First Amended Petition and Jury Demand (Received Jan 26, 2024 at 9:23am CST)

**Additional Comments:**
1) Served: Feb 5, 2024, 5:31 pm CST at HAMPTON INN: 3400 Colonnade Parkway, Birmingham, AL 35243 received by NEIL UPADHYAY. Age: 35-45; Ethnicity: Asian American; Gender: Male; Weight: 260; Height: 6'5"; Hair: Black; Eyes: Black;

/s/Lance McDade

Lance McDade

02/05/2024
**Date**

Iowa Process Service
1604 Country Club Rd
Indianola, IA 50125

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Halee Loftis

**Notary Public**

02/05/2024
**Date**

02/18/2027
**Commission Expires**

HALEE LOFTIS
Commission Number 830262
My Commission Expires
February 18, 2027

E-FILED  2024 FEB 19 4:50 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SYDNEY LALOR, | Case No. LACL157615 |
|         Plaintiff, | |
| vs. | |
| HAWKEYE HOTELS, INC. d/b/a HOTEL FORT DES MOINES, HILTON FRANCHISE HOLDING L.L.C. d/b/a HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., BRAD JOHNSON, KYLE MIRIANI, DILLON DOUGLAS, and NEAL UPADHYAY, | **APPEARANCE OF BRIDGET R. PENICK** |
|         Defendants. | |

Bridget R. Penick enters her appearance in this docket on behalf of Defendants Hawkeye Hotels, Inc. d/b/a Hotel Fort Des Moines, Brad Johnson, Kyle Miriani, Dillon Douglas, and Neil Upadhyay.[1]

Dated this 19th day of February 2024.

**FREDRIKSON & BYRON, P.A.**

*/s/ Bridget R. Penick*

Bridget R. Penick (AT0006147)
bpenick@fredlaw.com
Olivia Norwood (AT0013429)
onorwood@fredlaw.com
111 East Grand Avenue, Suite 301
Des Moines, IA 50309-1972
Telephone:  (515) 242-8902
Facsimile:  (515) 242-8950

**ATTORNEYS FOR FIRST HOSPITALITY, LLC, FIRST HOSPITALITY GROUP, INC., HAWKEYE HOTELS, INC. d/b/a/ HOTEL FORT DES MOINES, BRAD JOHNSON, KYLE MIRIANI, DILLON DOUGLAS, AND NEIL UPADHYAY**

---

[1]  Defendant Neil Upadhyay's name is misspelled in the case caption. Upadhyay requests the spelling be corrected.

E-FILED  2024 FEB 19 4:50 PM POLK - CLERK OF DISTRICT COURT

**Certificate of Service**

The undersigned hereby certifies that on February 19, 2024, the foregoing document was electronically filed with the Clerk of Court using the EDMS system, which will send a notice of electronic filing to all counsel of record registered with the EDMS system.

*/s/ Faith A. Baker*

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SYDNEY LALOR, | Case No. LACL157615 |
| Plaintiff, | |
| vs. | |
| HAWKEYE HOTELS, INC. d/b/a HOTEL FORT DES MOINES, HILTON FRANCHISE HOLDING L.L.C. d/b/a HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., BRAD JOHNSON, KYLE MIRIANI, DILLON DOUGLAS, and NEAL UPADHYAY, | **APPEARANCE OF OLIVIA N. NORWOOD** |
| Defendants. | |

Olivia N. Norwood enters her appearance in this docket on behalf of Defendants Hawkeye Hotels, Inc. d/b/a Hotel Fort Des Moines, Brad Johnson, Kyle Miriani, Dillon Douglas, and Neil Upadhyay.[1]

Dated this 19th day of February 2024.

**FREDRIKSON & BYRON P.A.**

*/s/ Olivia N. Norwood*

Olivia N. Norwood (AT0013429)
onorwood@fredlaw.com
Bridget R. Penick (AT0006147)
bpenick@fredlaw.com
111 East Grand Avenue, Suite 301
Des Moines, IA 50309-1972
Telephone:  (515) 242-8900
Facsimile:  (515) 242-8950

**ATTORNEYS FOR FIRST HOSPITALITY, LLC, FIRST HOSPITALITY GROUP, INC., HAWKEYE HOTELS, INC. d/b/a/ HOTEL FORT DES MOINES, BRAD JOHNSON, KYLE MIRIANI, DILLON DOUGLAS, AND NEIL UPADHYAY**

---

[1] Defendant Neil Upadhyay's name is misspelled in the case caption. Upadhyay requests the spelling be corrected.

E-FILED  2024 FEB 19 4:52 PM POLK - CLERK OF DISTRICT COURT

**Certificate of Service**

The undersigned hereby certifies that on February 19, 2024, the foregoing document was electronically filed with the Clerk of Court using the EDMS system, which will send a notice of electronic filing to all counsel of record registered with the EDMS system.

*/s/ Faith A. Baker*