IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| SYDNEY LALOR,<br><br>        Plaintiff,<br><br>vs.<br><br>HAWKEYE HOTELS, INC. d/b/a HOTEL FORT DES MOINES, HILTON FRANCHISE HOLDING L.L.C. d/b/a HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., BRAD JOHNSON, KYLE MIRIANI, DILLON DOUGLAS, and NEIL UPADHYAY,<br><br>        Defendants. | Case No. 4:24-cv-0072-SMR-WPK<br><br>**DEFENDANTS HAWKEYE HOTELS, INC.; FIRST HOSPITALITY, LLC; FIRST HOSPITALITY GROUP, INC.; BRAD JOHNSON; KYLE MIRIANI; DILLON DOUGLAS; AND NEIL UPADHYAY'S MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT** |

Defendants First Hospitality, LLC; First Hospitality Group, Inc.; Brad Johnson; Kyle Miriani; Dillon Dougals; Neil Upadhyay; and Hawkeye Hotels, Inc. (collectively hereafter, "Defendants"[1]), pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e), submit their Partial Motion to Dismiss and Motion for a More Definite Statement. In support of this Motion, Defendants state as follows:

## INTRODUCTION

Plaintiff Sydney Lalor began working in the security department at Hotel Fort Des Moines in March 2022. (First Amended Petition ¶ 20). Lalor then moved to the engineering department, where Defendant Brad Johnson supervised her. (*Id*. ¶¶ 21-22). Lalor alleges that, during the course of her employment, she was subjected to unwanted sexual advances by Johnson. (*Id*. ¶¶ 21-28).

---

[1] Defendant Hilton Worldwide and Curio Collection by Hilton is not included as one of the "Defendants" for purposes of this motion, as it is represented by separate counsel.

1

Lalor asserts three Counts in her First Amended Petition: (I) Discrimination and Retaliation in violation of the Iowa Civil Rights Act; (II) Discrimination and Retaliation in Violation of Title VII; and (III) Common Law Assault and Battery. (*Id.* Counts I-III).

Claims for discrimination and harassment are governed by the Iowa Civil Rights Act ("ICRA"), Iowa Code Chapter 216, and Title VII of the Civil Rights Act of 1964 ("Title VII"). Lalor's common law assault and battery claims are based entirely on the alleged sexual harassment by Johnson and thus are preempted by the ICRA and should be dismissed. Additionally, Lalor's assault and battery claims should separately be dismissed because Lalor's exclusive remedy for any alleged injuries resulting from such claims is Iowa's workers' compensation system.

In addition, the First Amended Petition names corporate Defendants Hawkeye Hotels, Inc. d/b/a Hotel Fort Des Moines ("Hawkeye"); First Hospitality, LLC; and First Hospitality Group, Inc. (collectively, the "Corporate Defendants"). Lalor was not employed by the Corporate Defendants, and the First Amended Petition fails to allege facts sufficient to establish that they were her employer. The Corporate Defendants should be dismissed because there is no legal theory under which they can be held liable for Lalor's claims. Additionally, Lalor failed to exhaust administrative remedies with respect to Hawkeye.

Finally, the heading of Count I of the First Amended Petition states: "Discrimination on the Basis of Sex, Age, Disability, and Religion and Retaliation in Violation of Iowa Code Chapter 216 Against all Defendants." The First Amended Petition includes no allegations involving age, disability, or religion, and administrative remedies were not exhausted with respect to these claims. Defendants move for a more definite statement to the extent Lalor alleges discrimination on the basis of age, disability, or religion.

# ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. . . . Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *United States ex rel. Raynor v. Nat'l Rural Utils. Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

On a Rule 12(b)(6) motion, the Court may consider evidence "necessarily embraced" by the petition without converting the motion to a summary judgment motion under Rule 56, or in its discretion, it may convert the motion to dismiss to one for summary judgment and consider matters outside the pleadings. *See Dalton v. Manor Care of W. Des Moines IA, LLC*, 986 F. Supp. 2d 1044, 1049 (S.D. Iowa 2013); *see also* Fed. R. Civ. P. 12(d).

Further, when ruling on a motion to dismiss, a court can consider the contents of the petition and matters of which the court can take judicial notice without converting a Rule 12(b)(6) motion into one for summary judgment. *See Bauer v. AGA Serv. Co.*, 25 F.4th 587, 591 (8th Cir. 2022). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice at any stage of the proceeding, including in consideration of a motion to dismiss. *See* Fed. R. Evid. 201(d); *Bauer*, 25 F.4th at 591.

Defendants move to dismiss the Corporate Defendants and Count III of Lalor's First Amended Petition for reasons that can be decided as a matter of law at this preliminary stage because the claims and relief sought are not actionable.

## I. Lalor's Assault and Battery Claims Should be Dismissed.

### A. Lalor's Claims are Preempted by the Iowa Civil Rights Act.

Count III of the First Amended Petition includes common law claims of assault and battery against all Defendants. Count III must be dismissed in its entirety because it is preempted by the Iowa Civil Rights Act. "The ICRA is preemptive. To the extent the ICRA provides a remedy for a particular discriminatory practice, its procedure is exclusive and the claimant asserting that practice must pursue the remedy it affords." *Smidt v. Porter*, 695 N.W.2d 9, 17 (Iowa 2005); *see also Phillips v. Dermatologic Lab & Supply, Inc.*, No. 1:16-cv-00008-SMR-CFB (S.D. Iowa June 22, 2015) ("The ICRA packs a preemptive punch. . . . [F]or those discriminatory practices for which the ICRA provides a remedy, its procedure is exclusive, and its remedies must be pursued."); *Cole v. Wells Fargo Bank, N.A.*, 437 F. Supp. 2d 974, 980 (S.D. Iowa 2006) ("[C]ommon law tort claims predicated on the same operative facts as an ICRA claim are prohibited."). "Overlap extinguishes any common law tort claims. Preemption most obviously occurs if a plaintiff brings a tort claim supported by conduct also prohibited by the ICRA." *Cole*, 437 F. Supp. 2d at 980.

Iowa courts have consistently and repeatedly rejected common law claims based on discrimination due to preemption by the ICRA at the motion to dismiss stage. *See Smidt*, 695 N.W.2d at 17 (collecting cases). "Whether the ICRA preempts a tort claim is the proper subject of a motion to dismiss." *Cole*, 437 F. Supp. 2d at 979. "Preemption [by the ICRA] occurs unless the claims are separate and independent, and therefore incidental, causes of action." *Greenland v. Fairtron Corp.*, 500 N.W.2d 36, 38 (Iowa 1993). "The test is whether, in light of the pleadings, discrimination is made an element of the [claims]." *Id.* Put another way, if the success of Lalor's claims requires proof of discrimination or harassment prohibited by the ICRA, the claims are preempted by the ICRA. *Id.*

Whether Lalor's assault and battery claims are preempted by the ICRA turns on how the claims are characterized in the pleadings. *See Smidt*, 695 N.W.2d at 17. When a plaintiff's "'pleadings clearly establish that the operative facts which she alleges give rise to her claims under the ICRA are the same as those upon which she relies as giving rise to her [tort] claim[,] . . . her [tort] claim is based on her allegations of discrimination[, and] [t]he ICRA therefore preempts her [tort] claim.'" *Smidt*, 695 N.W.2d at 17 (quoting *Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 858 (Iowa 2001)).

In this case, Lalor's assault and battery claims are based solely on Brad Johnson's alleged sexual harassment. (First Amended Petition ¶¶ 64-72). In support of Count III, the First Amended Petition realleges the prior allegations and further alleges that Johnson "us[ed] his hand and body to forcibly touch Plaintiff's body." (*Id.* ¶¶ 64-65). The offensive contact that Lalor alleges in her common law tort claims is the same alleged conduct that forms the basis of her discrimination and harassment claims. (*See id.* ¶¶ 29 (detailing alleged sexual harassment including unwanted touching), 44-53). In other words, the operative facts that give rise to Lalor's sexual harassment claim under the ICRA are the same as those that form the basis for Lalor's assault and battery claims. *See Smidt*, 695 N.W.2d at 17. Accordingly, the claims in Count III are not separate and independent claims and are preempted by the ICRA. Lalor's assault and battery claims therefore should be dismissed.

### B. Iowa's Worker's Compensation System is Lalor's Exclusive Remedy for her Assault and Battery Claims.

In addition, Lalor's assault and battery claims are separately barred and should be dismissed because Lalor's exclusive remedy for the injuries alleged is workers' compensation.[2]

---

[2] The Iowa Supreme Court has "recognized that there may be instances where an employee can pursue claims under both the ICRA and the IWCA." *McCoy*, 992 N.W.2d at 232.

*See* Iowa Code § 85.20(1); *McCoy v. Thomas L. Cardella & Assocs.*, 992 N.W.2d 223, 227, 232 (Iowa 2023) (dismissing plaintiff's assault and battery claim as preempted by the IWCA and noting that plaintiff's "claim, as pleaded, was likely barred by the ICRA. But because her claim, as tried, was affirmatively preempted by the IWCA, we need not address that issue."); *Nelson v. Winnebago Indus., Inc.*, 619 N.W.2d 385, 389 (Iowa 2000). "The IWCA provides statutory compensation for employees injured in the workplace." *McCoy v*, 992 N.W.2d at 229. It provides that "[t]he rights and remedies provided in this chapter, chapter 85A, or chapter 85B for an employee . . . on account of injury . . . for which benefits under this chapter, chapter 85A, or chapter 85B are recoverable, shall be *the exclusive and only rights and remedies* of the employee . . . [a]gainst the employee's employer." Iowa Code § 85.20(1) (emphasis added). "The workers' compensation 'system provides mutual benefits and tradeoffs for workers and employers. Workers relinquish their right to sue the employer for damages on the condition that the employer promptly compensates workers for injuries that arise out of and in the course of employment regardless of fault.'" *McCoy*, 992 N.W.2d at 229 (quoting *Tripp v. Scott Emergency Commc'n Ctr.*, 977 N.W.2d 459, 464 (Iowa 2022)). "To the employer, an intentional tort by one employee against another 'is just one more industrial mishap in the factory, of the sort he has a right to consider exclusively covered by the compensation system.'" *Id.* at 230 (quoting *Nelson*, 619 N.W.2d at 387-88).

The Iowa Supreme Court has previously considered the extent to which employers may be held liable for the intentional torts of its employees and found that "as a matter of law[,] . . . [an] employer[] is not liable at common law for the intentional torts of its [employee] unless as alleged by the plaintiff, his injuries fall outside the workers' compensation law." *Nelson*, 619 N.W.2d at 388. The Iowa Supreme Court recently reaffirmed that position in *McCoy*, finding that

6

"[w]hen an employee is injured by the tortious acts of another employee at work, the workers' compensation exclusivity rule precludes the injured employee from bringing a common law tort action against the employer for the resulting injuries, even when the coemployee's conduct is intentional." 992 N.W.2d at 229.

The assault and battery claims in this case fall squarely within Iowa's workers' compensation law. *See McCoy*, 992 N.W.2d at 229-31; *Nelson*, 619 N.W.2d at 388. In *Nelson*, the Iowa Supreme Court specifically considered whether an employee's battery claim against his employer fell within the purview of workers' compensation. The Court found that "[i]n Iowa purely mental injuries caused by the workplace, even in the absence of a physical injury, are compensable under workers' compensation. Because such injuries are compensable under workers' compensation, such rights would be exclusive." *Id.* at 389 (internal citations omitted). Similarly, in a nearly identical case involving "unwanted touching and inappropriate comments with a sexual overtone from her supervisor," the Iowa Supreme Court likewise found that an employee's common law claims were "subject to the exclusivity provisions of, and barred by, the IWCA" where "[t]he assault and battery occurred at her workplace, perpetrated by her team leader throughout the workday." *McCoy*, 992 N.W.2d at 230-32.

The Court's analysis and holdings in *Nelson* and *McCoy* apply equally to the assault and battery claims alleged in this case. Lalor's alleged "injuries arose out of and in the course of her employment with [First Hospitality]." *McCoy*, 992 N.W.2d at 230. Any physical injuries resulting from the contact alleged, or any mental pain or distress allegedly suffered, falls within the scope of workers' compensation, which provides for Lalor's exclusive remedy against Defendants. *See McCoy*, 992 N.W.2d at 230-32; *Nelson*, 619 N.W.2d at 389. Accordingly, Lalor's assault and battery claims are "in essence a claim for damages covered by workers compensation and [are]

7

therefore barred by Iowa Code section 85.20." *Nelson*, 619 N.W.2d at 389.

Further, just as Iowa law provides that workers' compensation is the exclusive remedy against an employer for acts covered by the statute, it likewise provides that workers' compensation is the exclusive remedy against co-employees. Iowa Code § 85.20(2); *Damjanovic v. Hickle*, No. 23-0718, 2024 WL 110382, at *1 (Iowa Ct. App. Jan. 10, 2024) ("In general, workers' compensation is the only remedy available for workplace injuries."); *Walker v. Mlakar*, 489 N.W.2d 401, 403 (Iowa 1992) ("Our workers' compensation statute is an injured worker's exclusive remedy against an employer or coemployee, thereby providing the employer and coemployee immunity from common law tort liability.") While the immunity provided to co-employees provides an exclusion for "gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another," the Iowa Supreme Court has found that "the legislature intended the section 85.20 coemployee gross negligence exception to common law tort immunity to be a narrow one. An injured worker generally is entitled to workers' compensation for injuries without regard to the fault of the worker, employer, or the worker's coemployees. In exchange, the employer and coemployees are given immunity from common law tort liability." *Walker*, 489 N.W.2d at 405.

The First Amended Petition includes allegations against Brad Johnson, Kyle Miriani, Dillon Dougals, and Neil Upadhyay in their capacities as co-employees. Thus, the assault and battery claims against the individually named Defendants should likewise be dismissed because the IWCA provides the exclusive remedy for the claims asserted. *See* Iowa Code § 85.20(2).

## II. The Corporate Defendants Should be Dismissed.

The First Amended Petition asserts claims against the Corporate Defendants based on Lalor's alleged employment relationship with "First Hospitality" and under the theories of *respondeat superior* or ostensible agency. (First Amended Petition, ¶¶ 18, 20). Neither of these

theories provide for liability by Hawkeye, First Hospitality, LLC, or First Hospitality Group, Inc.

### A. First Hospitality, LLC and First Hospitality Group, Inc.

Each of Lalor's claims against First Hospitality, LLC and First Hospitality Group, Inc. allegedly arises from her employment relationship with them. As an initial matter, the First Amended Petition blurs and makes no distinction between First Hospitality, LLC and First Hospitality Group, Inc., which are distinct and separate entities. Lalor alleges that "Defendant First Hospitality is a hotel management and development company" and that she "started employment with First Hospitality in March, 2022[.]" (First Amended Petition, ¶¶ 19-20). It is unclear to which First Hospitality entity these allegations relate; the First Amended Petition does not allege that First Hospitality, LLC *or* First Hospitality Group, Inc. specifically employed Lalor. In reality, neither entity ever employed her. (Affidavit of David Feltman ("Feltman Aff."), ¶ 3). Lalor was employed by Hospitality Staffing, Inc., which was a subsidiary of First Hospitality, LLC in 2022. (*Id.*, ¶¶ 4-6, 8-9). First Hospitality, LLC acquired the assets of First Hospitality Group, Inc. in August 2021—before Lalor's employment at Hospitality Staffing, Inc. began. (*Id.*, ¶ 7).

With respect to Counts I and II, *employers* may be held liable for the discriminatory acts of their employees under the Iowa Civil Rights Act ("ICRA") and Title VII. Iowa Code § 216.6(1)(a); 42 U.S.C. § 2000e–2(a). Lalor's factual allegations about her "employer" in the First Amended Petition are legally insufficient to establish that First Hospitality, LLC or First Hospitality Group, Inc. were her employer. The First Amended Petition does nothing more than plead legal conclusions that "First Hospitality" was her employer, without any distinction as to which First Hospitality entity she alleges employed her. Such bare and conclusory pleadings are insufficient to meet Rule 12(b)(6)'s standards. *See, e.g.*, *Ingram v. Arkansas Dep't of Correction*, 91 F.4th 924, 927 (8th Cir. 2024) ("[T]he complaint must include sufficient factual allegations to

provide the grounds on which the claim rests."). While the Court views a plaintiff's factual allegations in a light most favorable to the plaintiff, it "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. Western Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

Moreover, Lalor's pleading failures cannot be cured by further amendment because she cannot establish that First Hospitality, LLC or First Hospitality Group, Inc. were, in fact, her employer. Neither was, as evidenced by the documents Lalor received upon hire, paystubs during her employment, and the W-2 issued at the end of 2022. (Exhibit A to Feltman Aff., ¶¶ 5, 9). First Hospitality, LLC was the parent company of Lalor's employer, and it acquired the assets of First Hospitality Group, Inc. before Lalor's employment began. (Feltman Aff., ¶¶ 6-8). "There is a 'strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances.'" *Brown v. Fred's, Inc.*, 494 F.3d 736, 739 (8th Cir. 2007) (citation omitted) (affirming summary judgment for parent corporation on Title VII claim because parent corporation was not plaintiff's employer). Further, Lalor has not alleged that First Hospitality, LLC and First Hospitality Group, Inc. were joint employers, nor has she alleged facts sufficient to establish such. *See Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 578 F.3d 787, 793 (8th Cir. 2009). Thus, Lalor's ICRA and Title VII claims asserted against First Hospitality, LLC and First Hospitality Group, Inc. in Counts I and II are barred as matter of law because she has not properly pled, and cannot prove, that either of these entities were her employer.

With respect to Lalor's common law claims in Count III, Lalor makes conclusory allegations that First Hospitality, LLC and First Hospitality Group, Inc. are liable under the theory of *respondeat superior*. (First Amended Petition, ¶ 70). The doctrine of *respondeat superior*

requires proof of two elements: (1) the existence of an employer and employee relationship and (2) proof the injury occurred within the scope of that relationship. *Walderbach v. Archdiocese of Dubuque, Inc.*, 730 N.W.2d 198, 201 (Iowa 2007). First Hospitality, LLC and First Hospitality Group, Inc. cannot be liable under the doctrine of *respondeat superior* because, as previously discussed, neither entity had an employer and employee relationship with Lalor or any of the individual Defendants. Accordingly, First Hospitality, LLC and First Hospitality Group, Inc. should be dismissed from this case.

### B. Hawkeye Hotels, Inc.

With respect to Hawkeye, this entity simply has no connection to Lalor or any of the facts alleged in the First Amended Petition. The First Amended Petition mistakenly names "Hawkeye Hotels, Inc. d/b/a Hotel Fort Des Moines" as a Defendant. Hotel Fort Des Moines is not a fictious name for Hawkeye, and the First Amended Petition's reference to Hawkeye "d/b/a Hotel Fort Des Moines" is inaccurate.[3] (Declaration of Jeff Andersen ("Andersen Decl."), ¶ 5). Hotel Fort Des Moines is a building owned and managed by entities other than and completely separate from Hawkeye. (Andersen Decl., ¶ 6). Hawkeye is a hotel management company that owns no assets. (Andersen Decl., ¶ 4). During Lalor's employment at Hotel Fort Des Moines from March 2022 until July 2022, Hawkeye did not manage or have any relationship with Hotel Fort Des Moines. (Andersen Decl., ¶ 7; *see also* First Amended Petition ¶¶ 20, 42).

    1.    <u>Hawkeye is not liable under theories of *respondeat superior* or ostensible agency.</u>

The First Amended Petition fails to allege any facts that establish that Hawkeye—an entity

---

[3] A search of the public records on the Iowa Secretary of State website (https://sos.iowa.gov/search/business/search.aspx) confirms that, as of the date of this filing, no active business entity in Iowa is registered as "Hotel Fort Des Moines." Nor is it a registered trade name.

completely unrelated to the alleged facts and parties in this case—can be held liable for the claims asserted. The doctrine of *respondeat superior* is plainly inapplicable to all of Lalor's claims against Hawkeye as Hawkeye did not employ Lalor or any of the individual Defendants, and the First Amended Petition does not allege that it did. *See id*. Nor does the First Amended Petition allege that Hawkeye was a joint employer or allege any facts that would establish it was a joint employer. The First Amended Petition makes an alternative legal allegation that Hawkeye can be liable for the conduct of Defendants Douglas, Johnson, Miriani, and Upadhyay under the theory of ostensible agency. (First Amended Petition, ¶ 18).

"Liability based on ostensible agency has been defined as: 'One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such.'" *Wilkins v. Marshalltown Med. & Surgical Ctr.*, 758 N.W.2d 232, 236 (Iowa 2008) (quoting Restatement (Second) of Agency § 267). Ostensible agency is also known as apparent authority. *Id.*; *Wells Fargo Fin. Leasing, Inc. v. LMT-Fette, Inc.*, 250 F. Supp. 2d 1120, 1126 (S.D. Iowa 2003) ("Apparent authority, or ostensible authority, . . . is that which, although not actually granted, has been knowingly permitted by the principal or which the principal holds the agent out as possessing."). The premise of ostensible agency is based on a plaintiff's "reasonable belief that the services are being rendered by the employer or by his servants." *Wilkins*, 758 N.W.2d at 236 (quoting Restatement (Second) Torts § 429); *see also Marchionda v. Embassy Suites Franchise, LLC*, 359 F. Supp. 3d 681, 697 (S.D. Iowa 2018). In other words, as applied to this case, Lalor alleges that Hawkeye is liable for the conduct of Douglas, Johnson, Miriani, and Upadhyay because they had apparent authority to act on behalf of Hawkeye.

Cases that apply ostensible agency often involve a guest or invitee on a premises, such as a patient in the emergency room at a hospital. *See Wilkins*, 758 N.W.2d at 236 (extending the doctrine of ostensible agency to the hospital where an emergency room patient had a "natural assumption that the emergency room doctors were hospital employees"). In these cases, plaintiffs may reasonably infer an agency relationship based on the circumstances. *See id.* at 237.

This rationale simply does not apply here. No Iowa or Eighth Circuit case finds an employer can be liable under Title VII or the ICRA under a theory of ostensible agency. While Lalor was an employee of Hospitality Staffing, Inc. working at Hotel Fort Des Moines, she knew who her employer was, and she knew that Douglas, Johnson, Miriani, and Upadhyay were coworkers working for the same employer. She did not reasonably believe that the individuals who caused her alleged harm were employees of Hawkeye. Lalor does not allege that Defendants Douglas, Johnson, Miriani, or Upadhyay were agents of Hawkeye or that Hawkeye held Douglas, Johnson, Miriani, or Upadhyay out as its agents. Nor does she allege any facts that would support the conclusion that Douglas, Johnson, Miriani, or Upadhyay had apparent authority on behalf of Hawkeye. Simply put, ostensible agency is inapplicable to the claims alleged in this case.

2. <u>Lalor failed to exhaust her administrative remedies with respect to Hawkeye.</u>

In addition, Hawkeye should separately be dismissed because Lalor failed to exhaust her administrative remedies with respect to her Title VII and ICRA claims against it. Title VII and the ICRA require employees to first exhaust their administrative remedies before filing an action in district court.[4] Iowa Code § 216.16; *Nuss v. Cent. Iowa Binding Corp.*, 284 F. Supp. 2d 1187, 1196 (S.D. Iowa 2003); *Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 539 (8th Cir.

---

[4] Lalor's civil rights complaint was cross-filed with the ICRC and EEOC. (*See* Exhibit A). Because the EEOC referred Lalor's complaint to the ICRC for investigation, references to the ICRC proceedings herein relate to claims under both the ICRA and Title VII.

2020). "There are two conditions to filing a petition in district court for unfair or discriminatory practices. First, the petitioner must file a timely complaint with the Civil Rights Commission. Second, the Commission must issue a release or right-to-sue letter no earlier than sixty days after the complaint has been on file." *Ritz v. Wapello Cty Bd. of Supervisors*, 595 N.W.2d 786, 790 (Iowa 1999) (citations omitted); *see also* Iowa Code § 216.16; *Rush v. State Arkansas DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017) ("To exhaust administrative remedies [for a Title VII claim] an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." (citing 42 U.S.C. § 2000e–5(b), (c), (e))). As to Hawkeye, Lalor has failed to satisfy either of these conditions.[5]

The ICRA and Title VII require "[e]ach complaint of discrimination [to] contain . . . [t]he full name and address of each respondent." Iowa Admin. Code 161–3.4(2)(b) (216); *see also* 29 C.F.R. § 1601.12(a)(2); *Beattie v. Wells Fargo Bank, N.A.*, No. 4:09-CV-00037-JEG, 2009 WL 10703097, at *7 (S.D. Iowa July 2, 2009) ("A valid administrative complaint should include 'the full name . . . of each respondent.'"); *Brown v. Polk Cnty., Iowa*, 811 F. Supp. 432, 438 (S.D. Iowa 1992) ("A claimant who fails to name a party in the administrative charge generally may not sue that party under Title VII."). While Lalor's ICRC and EEOC Complaints name a number

---

[5] Defendants ask this Court to take judicial notice solely of the facts that: (1) Hawkeye is not named as a respondent in the ICRC or EEOC Complaint (attached hereto as Exhibit A); (2) Hawkeye was not included in the ICRC's investigation or preliminary screening review (attached hereto as Exhibit B); and (3) Hawkeye was not listed as a respondent in the right-to-sue letter (attached hereto as Exhibit C). Judicial notice of portions of the ICRC proceedings is appropriate because the facts that are alleged herein are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The ICRC Complaint, the preliminary screening review, and the right-to-sue letter are all documents received by the parties named therein directly from the ICRC—a governmental agency—and are referred to in paragraphs 3 and 4 of the First Amended Petition but were not attached thereto. *See Beattie*, 2009 WL 10703097, at *7, n. 6 (considering administrative complaint and right-to-sue letter in defendant's motion to dismiss).

of other respondents, Hawkeye indisputably is not named. (*See* Ex. A, p. 3-4). Because Hawkeye was not named as a respondent in the ICRC and EEOC Complaint, it did not receive a copy, and it was afforded no opportunity to respond. (Andersen Decl., ¶¶ 8-10). Naming Hotel Fort Des Moines as a respondent is insufficient to exhaust administrative remedies with respect to Hawkeye, as Hotel Fort Des Moines is not a fictious name for Hawkeye, and Hawkeye has no legal relationship with Hotel Fort Des Moines. (Andersen Decl., ¶¶ 5-6). Hawkeye did not receive actual notice of the Complaint, and there was no reason it should have received notice as the Complaint was mailed to the Hotel Fort Des Moines address in Des Moines, Iowa, whereas Hawkeye's office address is in Coralville, Iowa. (*See* Ex. A, p. 3-4; Andersen Decl., ¶¶ 9, 11). Hawkeye maintains no office address in Des Moines, Iowa. (Andersen Decl., ¶ 12).

By failing to name Hawkeye as a respondent in the ICRC and EEOC Complaint and to provide it an opportunity to review and respond to the Complaint, Lalor "deprives the ICRC of its ability to complete its statutory function of investigating claims of discrimination under Iowa Code § 216." *Nuss*, 284 F. Supp. 2d at 1199. Further, the ICRC's preliminary screening analysis was not directed to Hawkeye. (Ex. B). Thus, Hawkeye was not provided notice of or afforded the opportunity to participate in the ICRC's further investigation of the complaint. Moreover, Hawkeye would not have been permitted to have initiated or participated in any potential mediation with Lalor. (*Id.* (noting in bold and underlined text that "[o]nly the parties listed in this letter and/or their legal representatives may attend the mediation.").) To permit Lalor to proceed with her claims against Hawkeye at this stage "would effectively usurp the ICRC of its investigative power and overall effectiveness." *Nuss*, 284 F. Supp. 2d at 1199.

As alleged in paragraph 4 of the First Amended Petition, Lalor obtained a right-to-sue letter from the ICRC on October 18, 2023. However, the First Amended Petition fails to disclose that

15

the right-to-sue letter does not name Hawkeye. (*See* Ex. C). A right-to-sue letter is not "a blank check to bring a lawsuit for any ICRA violations . . . . That is not the law." *Nuss*, 284 F. Supp. 2d at 1197. Lalor's letter of right-to-sue other Defendants in this case does not amount to a release by the ICRC to pursue claims against unnamed respondents. *See id.* ("Only after a release has been given by the ICRC can a claimant commence suit.") (citing Iowa Code § 216.16(3)).

When administrative remedies are not exhausted, a claim "is not ripe for judicial review, [and] the court does not have subject-matter jurisdiction over [the] claim and must dismiss it." *Torres v. N. Fayette Cmty. Sch. Distr.*, 600 F. Supp. 2d 1026, 1030 (N.D. Iowa 2008); *see also U.S. Jaycees v. Cedar Rapids Jaycees*, 614 F. Supp. 515, 518 (N.D. Iowa 1985) (holding the court lacks jurisdiction over discrimination claims where administrative remedies have not been exhausted). Lalor's obligation to exhaust administrative remedies for her ICRC and Title VII claims is clear and explicit under the law. Lalor has failed to satisfy this requirement as to Hawkeye, and thus this Court has no jurisdiction over the claims against it. *See Torres*, 600 F. Supp. 2d at 1030; *Beattie*, 2009 WL 10703097, at *7 (dismissing ICRA claim for failure to exhaust administrative remedies where individual defendant was not named in civil rights complaint); *Nuss*, 284 F. Supp. 2d at 1199 (dismissing plaintiff's ICRA disability discrimination claim for failure to exhaust remedies where, although the plaintiff obtained a right-to-sue letter as to her gender discrimination and retaliation claims, she failed to plead disability discrimination in any ICRC complaint).

In sum, Hawkeye cannot be liable for the claims asserted in the First Amended Petition under the doctrines of *respondeat superior* or ostensible agency. Lalor alleges no other legal theory under which Hawkeye can be held liable for the harm alleged. Moreover, even if Hawkeye could be held liable under one of these theories, Lalor has failed to exhaust her administrative

remedies against it. Hawkeye should thus be dismissed from this case, as Lalor fails to state a claim against it upon which relief can be granted.

### III. Motion for a More Definite Statement.

Finally, Defendants move for a more definite statement under Fed. R. Civ. P. 12(e), which provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). "A Rule 12(e) motion . . . is proper when the pleading to which it is addressed is so vague that a defendant cannot reasonably respond to it." *Rasmussen v. Yentes*, No. 4:07-CV-00229, 2007 WL 9711588, at *2 (S.D. Iowa Aug. 1, 2007).

The deficiencies in Count I of the First Amended Petition make Defendants unable to fully respond to it. The heading of Count I states: "Discrimination on the Basis of Sex, Age, Disability, and Religion and Retaliation in Violation of Iowa Code Chapter 216 Against all Defendants." The references to age, disability, and religion are perplexing and seemingly were erroneously included, as the First Amended Petition includes no allegations involving age, disability, or religion. Moreover, Lalor did not assert claims of discrimination based on age, disability, or religion in her Iowa Civil Rights Commission/Equal Employment Opportunity Commission complaint; thus, administrative remedies were not exhausted with respect to those claims. To the extent Lalor is actually asserting claims on these bases, Defendants move for a more definite statement. If Lalor is not asserting claims on these bases, she should amend her Petition to clarify the heading in Count I. Defendants are unable to fully respond to the First Amended Petition without clarity on the claims asserted under Count I.

## CONCLUSION

In summary, Lalor's assault and battery claims should be dismissed with prejudice because (1) they are preempted by the Iowa Civil Rights Act and (2) Lalor's exclusive remedy for the alleged injuries asserted is Iowa's workers' compensation system. Further, Hawkeye Hotels, Inc.; First Hospitality, LLC; and First Hospitality Group, Inc. should be dismissed as Defendants from this case because none of these entities were ever Lalor's employer, and there is no legal theory under which they can be held liable for the claims alleged. Additionally, Lalor failed to exhaust her administrative remedies with respect to Hawkeye. Finally, the Court should order Lalor to amend her First Amended Petition and provide a more definite statement regarding the claims alleged in Count I such that Defendants are able to sufficiently respond to the pleading. Defendants will answer all remaining claims as directed by the Court following disposition of this motion.

Respectfully submitted,

**FREDRIKSON & BYRON, P.A.**

Dated: March 11, 2024

*/s/ Olivia N. Norwood*
Bridget R. Penick (AT6147)
bpenick@fredlaw.com
Olivia N. Norwood (AT13429)
onorwood@fredlaw.com
111 East Grand Avenue, Suite 301
Des Moines, IA 50309-1972
Telephone: (515) 242-8900
Facsimile: (515) 242-8950

**ATTORNEYS FOR DEFENDANTS HAWKEYE HOTELS, INC.; FIRST HOSPITALITY, LLC; FIRST HOSPITALITY GROUP, INC.; BRAD JOHNSON; KYLE MIRIANI; DILLON DOUGLAS; AND NEIL UPADHYAY**

**Certificate of Service**

      The undersigned hereby certifies that on March 11, 2024, the foregoing document was electronically filed through the Court's CM/ECF electronic filing system, which will send a notice of electronic filing to all counsel of record.

<u>/s/ Rasini Chitphaiboon</u>